09-2872-ag
Rompalli v. Tykhe Capital, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

MURTY ROMPALLI,

                    *Petitioner*,

             v.                                        09-2872-ag

TYKHE CAPITAL, LLC,

                    *Respondent*,

OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER,

                    *Nominal-Respondent*.

_____

For Petitioner:          Murty Rompalli, *pro se*, New York, N.Y.

For Respondent:          Peter L. Altieri & David J. Clark, Epstein Becker & Green, P.C.,
                         New York, N.Y.

Petition for review of an order of the United States Department of Justice, Executive

Office for Immigration Review, Office of the Chief Administrative Hearing Officer ("OCAHO") (Thomas, *A.L.J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be and it hereby is DENIED.

Murty Rompalli, *pro se*, seeks review of an order, dated May 4, 2009, of the OCAHO granting a motion made by Tykhe Capital, LLC ("Tykhe") for summary decision in his discrimination action pursuant to 8 U.S.C. § 1324b. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Because the [statute at issue] itself does not specify a standard for judicial review in this instance, we apply the familiar default standard of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and ask whether the Agency's action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Alaska Dep't of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 496-97 (2004) (footnoted omitted).

The administrative law judge correctly concluded that Rompalli was precluded from raising claims concerning events that occurred more than 180 days prior to the date on which he filed a charge with the Office of Special Counsel for Immigration-Related Unfair Employment Practices. *See* 8 U.S.C. § 1324b(d)(3). Rompalli's claim that he had been discriminated against on the basis of his national origin was also precluded, given that he had filed the same claim with the Equal Employment Opportunity Commission. *See* 8 U.S.C. § 1324b(b)(2). And his claims relating to the terms and conditions of his employment were barred by 8 U.S.C. § 1324b(a)(2)(B).

Additionally, the administrative law judge correctly concluded that Rompalli failed to establish a *prima facie* case of discrimination based on his citizenship status under 8 U.S.C. § 1324b(a)(1) or retaliation under 8 U.S.C. § 1324b(a)(5). Rompalli has not alleged any facts that suggest his alleged termination was motivated by impermissible factors, or by retaliation for engaging in protected conduct. *See* 28 C.F.R. § 68.38(b).

Therefore, the administrative law judge properly granted Tykhe's motion for summary decision pursuant to 28 C.F.R.§ 68.38(c). We decline to grant Tykhe's request for an award of its costs in connection with the instant appeal.

Accordingly, Rompalli's petition for review is hereby DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

2